JOHN QUINN, Respondent, v. BRENNUS KENYON et al., Appellants.

No. 4180; January 11, 1865.

Forcible Entry and Detainer—Improper Evidence—Instructions. In forcible entry and detainer the admission in evidence of an irrelevant record affecting title is not reversible error if subsequently the court so instructs the jury as substantially to withdraw the record from their consideration.

Instructions—Adding Explanations.—It is not Necessarily Error for the court to add to an instruction, given at the request of a party, an explanation of its own.

APPEAL from Fifth Judicial District, San Joaquin County.

J. B. Hall and J. A. Booker for respondent; Budd, Carr & Byers for appellants.

SAWYER, J.—In this case the defendants did not state upon what particular exceptions among those scattered through the record they intended to rely, and for this reason the statement does not conform to the requirements of the statute as expounded in Hutton v. Reed. If parties would at the commencement or conclusion of their statement collect together the errors relied on, and say substantially that the party will, on motion for new trial, rely on the following errors, 1st, 2d, 3d, etc., particularly specifying the precise errors upon which they intend to rely, there could be no misapprehension in regard to the matter.

But as the appeal was taken before the decision in Hutton v. Reed, we will notice such exceptions as appear in the record, however loosely stated.

The record in Quinn v. Moore, in which case the writ of assistance was issued under which Quinn was put in possession, was irrelevant and should not have been admitted. But the court instructed the jury substantially that the right of property was not in issue, and the case was submitted to them on the question of possession in plaintiff and a forcible entry by defendants. No injury, therefore, could have resulted from admitting the evidence, as this instruction substantially withdrew it from the consideration of the jury. The evidence in relation to a pre-emption claim on the part of defendants was properly rejected. The fifth instruction asked by defendants, in view of the fourth instruction asked and given, was irrelevant and properly refused.

The verbal explanation given in connection with the third and fourth instructions given at request of the defendants, in view of the circumstances of the case as shown by the evidence, was not, we think, erroneous.

We are satisfied that justice has been done between the parties and see no error of sufficient importance to justify a reversal of the judgment.

Judgment affirmed.

We concur: Currey, J.; Shafter, J.; Rhodes, J.